## Case No. 7,538.

### The JOSEPH GRANT.

[1 Biss. 193.] [1]

District Court, D. Wisconsin. Oct. Term, 1857.

Wm. P. Lynde, for libellant,

Mr. Emmons, for claimant,

MILLER, District Judge. So far as a bill of lading partakes of the character of a receipt, it is open to explanation between the parties to it, but as a contract, when legally executed by the proper party, in the proper and usual manner, the master or owner of a vessel shall not be permitted to show a mistake in stating the destination of the property, unless when fraud or imposition is practiced on the party. Fland. Shipp. § 479, and note.

The masters of vessels employed in the lake trade are considered the agents of the owners, to sign bills of lading or goods received on board for transportation. Usually triplicate bills of every shipment are made out,—one is signed by the shipper, which goes with the vessel as a guide for delivery, two are signed by the master, one of which is retained at the place of shipment, and the other is forwarded to the consignee. The master is the general agent of the owner,

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

and his acts in the scope of his duties as such bind the vessel. In the exercise of the duties of a general agent, the liability of the principal depends upon the fact that the act was done in the exercise and within the limits of the powers delegated. The acts of agents do not derive their validity from professing, on the face of them, to have been in the exercise of their agency. But the facts in relation to the powers and duties of general agents are necessarily inquirable into by the court. Mechanics' Bank v. Bank of Columbia, 5 Wheat. [18 U. S.] 326.

The bank did not acquire an interest in the cargo or any service of the vessel by the shipment. It became an apparent assignee of the cargo, subsequent to the date of the bill of lading and the departure of the vessel. The libel raises the question, whether the bill of lading created a maritime contract between the master and the bank binding on the vessel, to estop the owner from inquiring into the circumstances attending it. The owner is not estopped from enquiring into the necessity of a sale of his vessel by the master, or of his creating a lien by a bottomry bond, or of his purchase of supplies. Maritime liens are stricti juris, and will not be extended by implication or construction. Vandewater v. Mills, 19 How. [60 U. S.] 82; Thomas v. Osborn, Id. 22; Pratt v. Reed, Id. 359; Tod v. Pratt, Id. 362.

When the master, as agent, receives goods on board, and gives a bill of lading, a contract is made between the shipper and the vessel. But he cannot bind either the vessel or its owner by a receipt for goods not delivered on board, for it is not a contract entered into by the master in good faith, or within the scope of his authority; and the general owner is not estopped from proving the facts, even against a bona fide holder of the bill of lading. Grant v. Norway, 2 Eng. Law & Eq. 337; The Freeman v. Buckingham, 18 How. [59 U. S.] 182. The master has no apparent authority to sign a bill of lading for goods not actually shipped, and there can be no implication that the owner of the vessel consented that false pretences of contracts, having the semblance of bills of lading should be created as instruments of fraud; or that if so created they should in any manner affect him or his property. To sign a bill of lading made out in full, describing the goods shipped, is within the authority of the master, but not a blank bill. A blank bill of lading is no contract binding on the vessel or owner. The master has no implied authority from the owner to sign any such paper. An agent of limited powers cannot bind his principal when he exceeds those powers. Schimmelpennich v. Bayard, 1 Pet. [26 U. S.] 264; Manella v. Barry, 3 Cranch [7 U. S.] 415; Lanusse v. Barker, 3 Wheat. [16 U. S.] 101; Parsons v. Armor, 3 Pet. [28 U. S.] 413; Owings v. Hull, 9 Pet. [34 U. S.] 607. Signing a blank bill of lading by the master should no more bind the vessel, than signing a bill of lading of goods not put on board,—or putting goods on board without the knowledge or consent of the master or receiving officer; but in such case the vessel may charge for freight of goods actually carried.

The vessel departed from Chicago, under a bill of lading signed by the owners of the cargo by their agent, and by the master, in which the cargo was consigned to said owners, Fitzhugh & Littlejohn. The cargo was so delivered in due course, without any knowledge on the part of said owners, or of the master, of the third bill of lading having been filled up and delivered to the Marine Bank. The vessel had no goods on board consigned to Delos DeWolf, cashier, on account of the Marine Bank, for Fitzhugh & Littlejohn. No maritime lien attached to the vessel in favor of the bank, and the libel must be dismissed, with costs.